STATE OF HAWAI`I, Plaintiff-Appellee
v.
LELAND HO YIN LOUIE, Defendant-Appellant
No. 29028
Intermediate Court of Appeals of Hawaii
November 24, 2008
On the briefs:
Leland Ho Yin Louie, Defendant-Appellant Pro Se
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, Chief Judge, FOLEY, and NAKAMURA, JJ.
Defendant-Appellant Leland Ho Yin Louie (Louie), who is representing himself, appeals from the Judgment filed on January 31, 2008, in the District Court of the First Circuit, Honolulu Division (district court).[1] On September 14, 2007, a default judgment was entered against Louie based on his citation for operating a motor vehicle without being restrained by a seat belt assembly, a violation of Hawaii Revised Statutes (HRS) § 291-11.6(a)(1) (2007).[2] The default judgment imposed a fine/monetary assessment of $45, an administrative fee of $30, a neurotrauma surcharge of $10, and a $7 driver education assessment fee.
Louie subsequently requested a hearing on his citation and was permitted to contest the citation at a bench trial. A police officer testified at trial that he cited Louie after seeing Louie driving a car without wearing a seat belt. The district court found that Louie had operating a motor vehicle without being restrained by a seat belt assembly, and it "affirmed" the default judgment. The district court entered a Judgment in favor of Plaintiff-Appellee State of Hawaii on January 31, 2008,[3] which we construe as incorporating the penalties imposed in the September 14, 2007, default judgment.
On appeal, Louie contends that the Judgment should be reversed because the police officer who issued the citation was not credible and the district court was biased in that it prejudged the case.
After reviewing the record and the briefs submitted by the parties, we affirm.
At the outset, we note that Louie's self-prepared brief does not comply with the requirements for an appellate brief set forth in Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b). We could dismiss Louie's appeal on that basis alone. See HRAP Rule 30.
In any event, we conclude that the arguments raised by Louie on appeal are without merit. We construe Louie's claim that the police officer was not credible as a challenge to the sufficiency of the evidence. An appellate court defers to a trial court's assessment of the credibility of the witnesses. See State v. Lioen, 106 Hawai`i 123, 134, 102 P.3d 367, 378 (App. 2004). The alleged discrepancies in certain aspects of the police officer's testimony did not preclude the district court from finding that the officer's testimony on the crucial facts was credible. We conclude that the officer's testimony provided substantial evidence to support the district court's finding in favor of the State that Louie violated HRS § 291-11.6(a)(1). State v. Eastman, 81 Hawai`i 131, 135, 913 P.2d 57, 61 (1996).
Based on our review of the record, we reject Louie's contention that the district court was biased and prejudged the case. Louie's contention boils down to a claim that the district court must have been biased because it decided the case against Louie. However, the district court's adverse decision does not demonstrate bias, particularly where there was substantial evidence to show that Louie committed the charged violation.
IT IS HEREBY ORDERED that the district court's January 31, 2008, Judgment, which we construe as incorporating the penalties imposed in the September 14, 2007, default judgment, is affirmed.
NOTES
[1] The Honorable James Dannenberg presided.
[2] HRS § 291-11.6(a)(1) (2007) provides in relevant part:

(a) Except as otherwise provided by law, no person:
(1) Shall operate a motor vehicle upon any public highway unless the person is restrained by a seat belt assembly . . . .
[3] Louie incorrectly identified the date of the Judgment as January 30, 2008, in his notice of appeal.